UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABNER BERMUDEZ,<br><br>      Plaintiff,<br><br>  v.<br><br>INTA-ROTO, INC., *et al.*,<br><br>      Defendants. | Case No. 22–01606–ESK–MJS<br><br><br>ORDER |

      **THIS MATTER** having come before the Court on: (a) defendant Emerson Electronic Co.'s (Emerson) motion for summary judgment (Summary Judgment Motion) (ECF No. 81) and (b) plaintiff's motion for entry of default judgment against defendant Inta-Roto, Inc. (Inta-Roto) (Default Motion) (ECF No. 102); and the period in which further briefing on the Summary Judgment and Default Motions having expired; and the Court finding,

      1.    On February 20, 2024, plaintiff moved for entry of default judgment against Inta-Roto. (*Id.*) Plaintiff claims that Inta-Roto was served via certified mail on February 28, 2022 and Inta-Roto did not thereafter file an answer. (*Id.* ¶¶ 3, 7, ECF No. 102–9 ¶ 2.) The Default Motion is accompanied by an affidavit of service stating that service was effectuated by certified mail and related United States Postal Service tracking information. (ECF No. 102–1.)

      2.    Pursuant to the Federal Rule (Rule) of Civil Procedure 55(a)–(b), the clerk must enter default when a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend themselves, after which default judgment may be entered by the clerk or the court. "[B]efore a court may enter default judgment, the clerk must have previously entered default under Fed. R. Civ. P. 55(a)." *Great Lakes Ins. SE v. Ross*, 652 F. Supp. 3d 472, 476–77 (D.N.J. 2023) (citing *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d Cir. 2006)).

      3.    A review of the docket does not show that plaintiff requested entry of default, let alone that default was entered. The Default Motion is therefore procedurally improper and will be denied. *See Rodrigues v. Main*, Case No.

19–14708, 2020 WL 8620160, at *1–2 (D.N.J. Sept. 28, 2020); *Itiowe v. Daniel*, Case No. 16–07777, 2017 WL 4179811, at *1 n.5 (D.N.J. Sept. 21, 2017).

4. Further, "[a] court may only enter default judgment against defendants who were properly served." *Meenaxi Enter., Inc. v. Shakti Grp. USA LLC*, Case No. 22–07383, 2023 WL 7181433, at *3 (D.N.J. Nov. 1, 2023). Federal Rule of Civil Procedure 4(h) provides that a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" along with mailing a copy to each defendant if required by statute. Fed. R. Civ. P. 4(h)(1)(B). "The term 'delivering' as used in Rule 4(h)(1)(B) does not include service by mail." *Faber v. Bank of N.Y. Mellon*, Case No. 23–04520, 2024 WL 1533618, at *2 (D.N.J. Apr. 9, 2024) (citing *Umansky v. Melton Int'l Tackle, Inc.*, Case No. 17–04712, 2019 WL 5418050, at *11 (E.D. Pa. Oct. 23, 2019) and *Canuto v. Mattis*, 273 F. Supp. 3d 127, 134 (D.D.C. 2017)).

5. Alternatively, a corporation may be served in a manner consistent with Rule 4(e)(1), Fed. R. Civ. P. 4(h)(1)(A), which permits service on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1). The New Jersey Rules of Court permit service on an individual by delivering a copy of the summons and complaint to the individual personally, leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a competent member of the household age 14 or older, or delivering a copy of the summons and complaint to a person authorized to receive service of process on their behalf. N.J. Ct. R. 4:4–4(a)(1). A corporation may be served in the same manner on an officer, director, trustee, or managing or general agent; any person authorized by appointment or law to receive process on the corporation's behalf; a person at the registered office of the corporation; or otherwise "a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties." *Id.* (a)(6). A summons and complaint may be mailed after diligent efforts and inquiry to effectuate personal service were unsuccessful as stated in an affidavit. *Id.* (b)(1)(C); *see also Mercado v. Toyota Fin. Servs. Inc.*, Case No. 21–13631, 2023 WL 8190229, at *3 (D.N.J. Nov. 27, 2023) (concluding that the plaintiff's certified-mail delivery of the summons and complaint without evidence of personal service, or affidavit indicating diligent efforts to personally serve, failed to satisfy New Jersey service requirements); *Nicholson v. Atl. Grp. Inc.*, Case No. 21–14666, 2022 WL 2182249, at *2 (D.N.J. June 1, 2022) ("If a defendant cannot, after diligent inquiry supported by an affidavit,

be served within the State, service may be made by registered or certified mail addressed to the corporation's registered agent for service, its principal place of business, or registered office.").

6. To the extent that plaintiff may rely on Virginia law, where service on Inta-Roto was purportedly made, service on a corporation in Virginia may be effectuated by personal service upon any officer, director, or registered agent; substituted service; or—if the address of the registered office of the corporation is a single-family dwelling—substituted service under the section pertaining to personal service.  Va. Code Ann. § 8.01–299; *see also Chien v. Grogan*, Case No. 16–01470, 2017 WL 1100911, at *2 (E.D. Va. Mar. 3, 2017), *report and recommendation adopted*, 2017 WL 1091504 (E.D. Va. Mar. 23, 2017) ("Service of process by using a private process server to deliver the summons and complaint using priority mail and a tracking number is insufficient under the Federal Rules of Civil Procedure and, in the alternative, under Virginia law.")

7. Plaintiff's service by mail (ECF No. 102–1) does not satisfy the applicable federal or state service rules and the docket does not contain any indication of plaintiff's potential efforts to effectuate personal service prior to mailing the complaint and summons.  In fact, Magistrate Judge Matthew J. Skahill recently provided plaintiff until March 6, 2024 to properly effectuate service on Inta-Roto.  (ECF No. 99.)   Plaintiff, instead, supported the Default Motion with proof of mail delivery from February 2022 (ECF No. 102) and the docket does not otherwise provide proof of valid service.

8. Plaintiff will therefore be provided 14 days to demonstrate that Inta-Roto has been served in a manner consistent with Rule 4 or good cause for failure to so serve a prior complaint and summons.

9. The Summary Judgment Motion was filed on November 20, 2023 (ECF No. 81) with Emerson asserting that it is not a "manufacturer" or "product seller" as defined by the New Jersey Product Liability Act for any product at issue (ECF No. 81–15 pp.6–8).  Plaintiff filed a letter on November 27, 2023 stating that he would not file an opposition to the Summary Judgment Motion (ECF No. 84) but nevertheless included Emerson in the subsequently filed third amended complaint (ECF No. 101).  The third amended complaint, like the second amended complaint, asserts a single count of product liability against Emerson and advances the same allegations.  (ECF No. 48 ¶¶ 62–84, ECF No. 101 ¶¶ 72–95).

10. Although an amended complaint may not necessarily moot an earlier-filed motion for summary judgment, *see Serfess v. Equifax Credit Info. Servs.*, Case No. 13–00406, 2014 WL 4272032, at *2 n.2 (D.N.J. Aug. 28, 2014),

3

the Summary Judgment Motion will be administratively terminated in light of Judge Skahill's scheduled conference (ECF No. 114). Plaintiff is directed to file a letter on the docket in advance of the May 8, 2024 conference stating whether he intends to dismiss Emerson from this matter. If its involvement is not resolved following the May 8, 2024 conference, Emerson may file a letter on the docket requesting that the Summary Judgment Motion be restored.

Accordingly,

**IT IS** on this **24th** day of **April 2024**   **ORDERED** that:

1. The Default Motion (ECF No. 102) is DENIED.

2. Plaintiff shall provide proof of proper service of Inta-Roto, or good cause for failure to properly serve, within 14 days of this order.

3. The Summary Judgment Motion (ECF No. 81) is administratively terminated. Plaintiff shall file a letter on the docket indicating whether he intends to dismiss Emerson from this action in advance of the May 8, 2024 conference scheduled by Judge Skahill. The Summary Judgment Motion may be restored to the docket, if necessary, by letter request.

                                                              */s/ Edward S. Kiel*
                                                              EDWARD S. KIEL
                                                              UNITED STATES DISTRICT JUDGE